11-760-ag
Ye v. Holder

BIA
A078 425 064

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December, two thousand eleven.

PRESENT:
    BARRINGTON D. PARKER,
    RICHARD C. WESLEY,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*
_____

SHUI XIAM YE, AKA SAN MEI HUANG, AKA
SHUI XIAN YE,
        *Petitioner,*

        v.                                    11-760-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Ai Tong, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Mark C. Walters, Senior
                       Litigation Counsel; Lyle D. Jentzer,
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shui Xiam Ye, a native and citizen of the People's Republic of China, seeks review of the February 15, 2011 order of the BIA denying her motion to reopen. *In re Shui Xiam Ye*, No. A078 425 064 (B.I.A. Feb. 15, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case. As an initial matter, because Ye does not challenge the BIA's denial of her motion based on her claim relating to China's family planning policy, we do not address it.

The BIA's denial of Ye's motion to reopen as untimely and number-barred was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Ye's 2010 motion was untimely and number-barred, as she previously filed two

2

motions to reopen, and the final administrative order was issued in 2004. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). However, Ye failed to establish changed circumstances in China.

Ye argues that she demonstrated an increase in China's persecution of Falun Gong practitioners since the 2008 Olympics, and that she was under heightened scrutiny by Chinese officials since they intercepted a Falun Gong DVD she sent to her father in China. However, the BIA's determination that the evidence failed to demonstrate changed country circumstances is supported by substantial evidence, as Ye's evidence did not show that China's repression of Falun Gong increased since the time of her merits hearing. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008).

3

Because the evidence Ye submitted was insufficient to establish a change in country conditions, the BIA did not abuse its discretion in concluding that she failed to meet an exception to the filing deadline, and in denying her untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4